UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS YOC PULUC,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,<br><br>Respondent. | No.  1:26-cv-04531-DAD-CSK (HC)<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE<br><br>(Doc. No. 2) |

On June 12, 2026, petitioner, proceeding *pro se*, filed a motion for temporary restraining order seeking his immediate release from respondent's custody.  (Doc. No. 2.)  On June 23, 2026, respondent filed an opposition to the pending motion.  (Doc. No. 9.)  In that opposition, respondent argues that petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a)(2) because he is subject to a final order of removal that was reinstated on May 4, 2026 and, as a result, his detention is mandatory until August 2, 2026.  (*Id.* at 2–3.)

Based upon the parties' briefing, the court finds the following facts.  Petitioner is a Guatemalan national who was previously ordered removed on or about October 1, 2014.  (Doc. No. 9-2 at 6.)  Petitioner has previously been removed from the United States on October 7, 2014, February 19, 2015, August 17, 2018, and November 21, 2019.  (Doc. Nos. 9-1 at 3; 9-2 at 6.)  He last entered the United States approximately four years ago.  (Doc. No. 2 at 2.)  On or about May

1

4, 2026, petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents outside of his residence.  (Doc. No. 9-1 at 2.)  He has remained in ICE detention since that date.

When an individual re-enters the United States after having been previously removed pursuant to a removal order, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed" and that individual "shall be removed under the prior order at any time after the reentry."  8 U.S.C. § 1231(a)(5).  "Where a noncitizen is subject to a reinstated removal order, detention is governed by 8 U.S.C. § 1231."  *Arreaga Santizo v. Warden of the Golden State Annex*, No. 1:26-cv-04256-VC, 2026 WL 1803596, at *1 (E.D. Cal. June 23, 2026) (citing *Johnson v. Guzman Chavez*, 594 U.S. 523, 535 (2021)).  Reinstated removal orders are "administratively final," *Guzman Chavez*, 523 U.S. 533–35, and once a removal order becomes administratively final, the noncitizen must be detained for a 90-day period, commonly referred to as the "removal period," during which, the government must effectuate that noncitizen's removal *Zadvydas*, 533 U.S. at 683.

Here, petitioner appears to argue that his detention without a bond hearing has become impermissibly prolonged in violation of the decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  (Doc. No. 2 at 2–3.)  Respondent counters by providing evidence that the Department of Homeland Security issued a document titled "notice of intent/decision to reinstate prior order" which indicates that petitioner's prior removal order entered in 2014 was reinstated pursuant to § 1231(a)(5) on May 4, 2026.  (Doc. No. 9-2 at 15.)  Thus, based upon the evidence presented by respondent, petitioner is still subject to the 90-day mandatory detention period and is not at this time entitled to the injunctive relief he seeks.

Accordingly, petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED without prejudice to its re-filing if appropriate.

IT IS SO ORDERED.

Dated:   **June 27, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2

3